**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PULTE HOMES, INC.,

        Plaintiff,

                                      Case No. 09-13638

vs.                                     Hon. Lawrence P. Zatkoff

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,
TERENCE M. O'SULLIVAN, and
RANDY MAYHEW,

        Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 24th day of September, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and
Preliminary Injunction (dkt 2), filed on September 15, 2009.  Defendants filed a response on
September 16, 2009 (dkt 6).  On September 16, 2009, the Court issued an order, wherein it declined
to grant a Temporary Restraining Order and scheduled a hearing on the Motion for Preliminary
Injunction for Tuesday, September 22, 2009.  Pursuant to the September 16, 2009, order, Plaintiff
filed a supplemental brief on September 21, 2009 (dkt 13).  On September 22, 2009, the Court heard
oral arguments regarding Plaintiff's Motion.  After a thorough consideration of the parties'
respective briefs and exhibits, as well as their arguments at the hearing, the Court denies Plaintiff's
Motion for the reasons set forth below.

## II. BACKGROUND

Plaintiff Pulte Homes, Inc. (Pulte) is the largest new home builder in the United States. Its corporate headquarters are located in Bloomfield Hills, Michigan, and it operates in many other states, including Arizona, Texas, California, and Nevada. Defendant Laborers' International Union of North America (LiUNA) is a labor organization that represents workers in construction and other industries. Defendants Terence O'Sullivan and Randy Mayhew are employed, respectively, as LiUNA's Vice President and National Director. LiUNA does not represent any of Pulte's employees, however, Plaintiff alleges that Defendants have attempted for the past two years to force Plaintiff's subcontractors to enter into agreements with LiUNA.

The action arises out of Defendants' alleged response to the termination of one Pulte employee and the alleged termination of seven other Pulte employees. On September 4, 2009, Pulte Building Systems, a division of Pulte, terminated Roberto Baltierra (Baltierra), who had previously worked as a crew lead. Pulte maintains that Baltierra was terminated for various behavioral and performance problems, including failure to comply with safety procedures, failure to follow the legitimate directions of his supervisors, and allowing undocumented laborers to work. Defendants aver that Baltierra was fired for wearing a t-shirt that expressed support for LiUNA. Defendants also claim that the seven other Pulte employees were fired for similarly expressing support for LiUNA. Plaintiff contends that these seven individuals were not terminated and maintains that they are free to continue their employment with Plaintiff.

Plaintiff asserts that, on September 9, 2009, Defendants began a targeted effort to sabotage and interrupt Plaintiff's business operations and negatively affect Plaintiff's relationships with the public, its employees, and potential customers. Plaintiff believes Defendants have encouraged

LiUNA supporters to inundate Pulte with mass quantities of phone calls and e-mails in an attempt to inhibit Pulte's ability to conduct day-to-day business activities and to intimidate Pulte's employees. LiUNA's website features a "call to action," which provides a pre-typed e-mail voicing opposition to Pulte's alleged termination of employees for supporting the union. This e-mail is pre-addressed to Pulte and allows users to send it to Pulte with a click of a few buttons. LiUNA also has distributed flyers to the same effect, i.e., encouraging supporters to call Pulte and express their dissatisfaction.

According to Plaintiff, Pulte's e-mail system is set up such that each user is permitted only a certain number of e-mails in his or her inbox at one time. Similarly, a limited number of phone calls can be received at any given time, and voice-mail inboxes can only hold a limited number of voice-mails. Plaintiff claims that the high volume of calls and e-mails have forced some Pulte employees to shut down their voice-mail and e-mail inboxes. Plaintiff's Compliant alleges a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*, trespass to chattels, tortious interference with business relationships, and civil conspiracy. Plaintiff requests that this Court enjoin Defendants from encouraging LiUNA supporters to make such telephone calls and e-mails so that Plaintiff can maintain its day-to-day business operations uninterrupted.

### III. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1)     whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2)     whether the movant has shown that he or she would suffer irreparable harm

if the preliminary relief is not issued;

(3)    whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4)    whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## IV.  ANALYSIS

The Court concludes that its lacks jurisdiction to issue an injunction after reviewing the Norris-LaGuardia Act (NLG Act). 29 U.S.C. § 101 *et seq.* The NLG Act provides that "[n]o court of the United States shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute, except in a strict conformity with the provisions of [the Act]." 29 U.S.C. § 101. Specifically, the NLG Act bars federal courts from issuing injunctions that would prohibit persons participating or interested in a labor dispute from: "(e) [g]iving publicity to the existence of . . . any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence," and "(f) [a]ssembling peaceably to act or to organize to act in promotion of their interests in a labor dispute." 29 U.S.C. §§ 104(e), (f).

4

A case involves or grows out of a labor dispute when the case "involves persons who are engaged in the same industry, trade, craft or occupation," including disputes between "one or more employers or associations of employers and one or more employees or associations of employees." 29 U.S.C. § 113(a). A labor dispute under the NLG Act includes "any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether or not the disputants stand in the proximate relation of employer and employee." 29 U.S.C.§ 113(c). *See also, Marine Cooks & Stewards v. Panama S.S. Co.*, 362 U.S. 365, 369 (1960) ("The [NLG Act] language is broad because Congress was intent upon taking the federal courts out of the labor injunction business except in very limited circumstances . . . ."); *Corporate Printing Co., v. New York Typographical Union No. 6*, 555 F.2d 18, 20 (2nd Cir. 1977) (stating that the term labor dispute is "broadly defined").

The Court finds that this case involves a labor dispute within the meaning of the NLG Act. Plaintiff and Defendants are both engaged in the construction industry, and there is a well-identified dispute between an employer, employees, and an association representing the employees. Specifically, the Court concludes that there is a labor dispute because the actions of Defendants to which Plaintiff objects are directly related to (1) Plaintiff's alleged termination of employees for supporting LiUNA, and (2) Defendants' ongoing efforts to force Plaintiff's subcontractors to enter into agreements with LiUNA. *See Lauf v. E.G. Shinner & Co.*, 303 U.S. 323 (1938) (holding that an attempt by a labor union to coerce an employer to require its employees to unionize by means of picketing constituted a labor dispute under the NLG Act even though none of the employees belonged to the labor union). As Plaintiff is asking the Court to enjoin Defendants' efforts to give

5

publicity to this dispute and have others act in support of LiUNA's interests, which the Court is specifically prohibited from enjoining under Sections 104(e) and (f) of the NLG Act, the Court must deny Plaintiff's Motion.

## V. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiff's motion for Preliminary Injunction is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff

LAWRENCE P. ZATKOFF

UNITED STATES DISTRICT JUDGE

Dated:  September 24, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 24, 2009.

s/Marie E. Verlinde

Case Manager

(810) 984-3290

6