**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PULTE HOMES, INC.,

      Plaintiff,

                                                                        Case No. 09-13638

vs.                                                                   Hon. Lawrence P. Zatkoff

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA,
TERENCE M. O'SULLIVAN, and
RANDY MAYHEW,

      Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 12, 2010

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' motion to dismiss [dkt 29] and Plaintiff's *ex parte* motion for oral argument and/or leave to file a sur-reply to Defendants' motion to dismiss [dkt 36]. The parties have fully briefed Defendants' motion to dismiss. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.[1] Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion to dismiss be resolved on the briefs submitted. For the

---

[1] For this reason, the Court denies Plaintiff's *ex parte* motion for oral argument. Additionally, since the Court granted Plaintiff's *ex parte* motion to submit a 30-page response brief to Defendants' motion to dismiss, the Court denies Plaintiff's request to submit a sur-reply.

reasons set forth below, Defendants' motion to dismiss [dkt 29] is GRANTED.

## II. BACKGROUND

Pulte Homes, Inc. ("Plaintiff") is the largest new home builder in the United States. Its corporate headquarters are located in Bloomfield Hills, Michigan, and it operates in many other states, including Arizona, Texas, California, and Nevada. Defendant Laborers' International Union of North America ("LiUNA") is a labor organization that represents workers in construction and other industries. Defendants Terence O'Sullivan and Randy Mayhew are employed, respectively, as LiUNA's Vice President and National Director. LiUNA does not represent any of Plaintiff's employees. However, Plaintiff alleges that Defendants have attempted for the past two years to force Plaintiff's subcontractors to enter into agreements with LiUNA.

This action arises out of Defendants' alleged response to the termination of one of Plaintiff's employees and the alleged termination of seven other individuals employed by Plaintiff. On September 4, 2009, Pulte Building Systems, a division of Pulte Homes Inc., terminated Roberto Baltierra ("Baltierra"), who had previously worked as a crew lead. Plaintiff maintains that Baltierra was terminated for various behavioral and performance problems, including failure to comply with safety procedures, failure to follow the legitimate directions of his supervisors, and allowing undocumented laborers to work. Defendants aver that Baltierra was fired for wearing a t-shirt that expressed support for LiUNA. Defendants also claim that seven other individuals employed by Plaintiff were fired for similarly expressing support for LiUNA. Plaintiff disputes that these individuals were terminated, and contends that they remained free to return to work.

Plaintiff asserts that, on September 9, 2009, Defendants began a targeted effort to sabotage and interrupt Plaintiff's business operations and negatively affect Plaintiff's relationships with the

public, its employees, and potential customers. Plaintiff believes Defendants have encouraged LiUNA supporters to inundate Plaintiff with mass quantities of phone calls and e-mails in an attempt to inhibit Plaintiff's ability to conduct its day-to-day business activities and to intimidate Plaintiff's employees. LiUNA's website featured a "call to action," which provided a pre-typed e-mail voicing opposition to Plaintiff's alleged termination of employees for supporting the union. This e-mail was pre-addressed to Plaintiff and allowed users to send it to Plaintiff with the click of a few buttons. LiUNA also distributed flyers to the same effect, *i.e.*, encouraging supporters to call Plaintiff and express their dissatisfaction.

According to Plaintiff, its e-mail system is set up such that each user is permitted only a certain number of e-mails in his or her inbox at one time. Similarly, a limited number of phone calls can be received at any given time, and voice-mail inboxes can only hold a limited number of voice-mails. Plaintiff claims that the high volume of calls and e-mails forced some of its employees to shut down their voice-mail and e-mail inboxes. On September 13, 2009, Plaintiff mailed a letter to Defendants, demanding them to cease their activities. Plaintiff filed this action on September 15, 2009, after the telephone calls continued. On September 24, 2009, the Court entered an order denying Plaintiff's motion for preliminary injunction on the basis that the Court lacked jurisdiction to issue an injunction in an ongoing labor dispute under the Norris-LaGuardia Act, 29 U.S.C. § 101 *et seq*.

As a result of the numerous telephone calls, voice-mails, and e-mails, Plaintiff seeks damages pursuant to alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, violations of Nevada's Computer Crime laws, N.R.S. § 205.473, *et seq.*, trespass to chattels, tortious interference with business relationships and expectancies, and civil conspiracy. Plaintiff also

3

requests that the Court enjoin Defendants from encouraging LiUNA supporters to make such telephone calls and e-mails so that Plaintiff can maintain its day-to-day business operations uninterrupted. In Defendants' motion to dismiss Plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(6), Defendants argue that Plaintiff has failed to state claims upon which relief can be granted as to each of its claims. Furthermore, Defendants argue that Plaintiff's claims are preempted by federal labor law.

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary

judgment pursuant to Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(b).

## IV. ANALYSIS

### A. COMPUTER FRAUD AND ABUSE ACT

Plaintiff's only claims arising under federal law allege violations of the Computer Fraud and Abuse Act ("CFAA"), a criminal statute with a private right of action for injured parties. 18 U.S.C. § 1030 *et seq*.  Briefly, the CFAA provides a remedy for damages caused by unauthorized access or transmissions to a computer program operating in interstate business. 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation [of section 1030] may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief.").  Plaintiff argues that Defendants' alleged transmissions of telephone calls and e-mails to Plaintiff constitute unlawful transmissions to Plaintiff's computers under 18 U.S.C. § 1030(a)(5)(A) and unauthorized access to Plaintiff's computers under 18 U.S.C. §§ 1030(a)(B) and (C).

### 1. Unlawful Transmissions

Under 18 U.S.C. § 1030(a)(5)(A), it is unlawful to "knowingly cause[] the transmission of a program, information, code, or command, and as a result of such conduct, intentionally cause[] damage without authorization, to a protected computer." *See Thurmond v. Compaq Computer Corp.*, 171 F. Supp. 2d 667, 675 (E.D. Tex. 2001) (stating that a claim under Section 1030(a)(5)(A) contains three elements: "(1) the knowing 'transmission' of a 'program, information, code, or command; (2) the transmission is 'to a protected computer;' and (3) the transmission causes intentional 'damage without authorization.'").  In its amended complaint, Plaintiff alleges that Defendants violated this statute by inundating Plaintiff with a massive number of e-mail messages, telephone calls, and voice-mail messages.  In support of their motion to dismiss, Defendants argue

5

that Plaintiff has not alleged facts supporting the claim that Defendants knowingly caused a transmission, intentionally caused damage to Plaintiff's computers, or that the transmissions were made without authorization.

The Court finds that Plaintiff's factual allegations are insufficient to render its claim under 18 U.S.C. § 1030(a)(5)(A) plausible on its face. Under the plain language of the statute, Plaintiff must prove that Defendants "intentionally cause[d] damage" to Plaintiff's computers. Here, there is no allegation in the amended complaint that Defendants did so. Instead, Plaintiff alleges that Defendants encouraged the sending of telephone calls and e-mails for the purpose of intimidating and harassing Plaintiff's employees, as well as preventing Plaintiff, in general, from conducting its normal business operations. Although Plaintiff argues in its response brief that Defendants intentionally caused damage to Plaintiff's computers by continuing to send e-mails and telephone calls after Plaintiff asked Defendants to stop, Plaintiff did not inform Defendants that their conduct was harmful to any of Plaintiff's computer systems. Plaintiff's letter to Defendants only complained about false allegations related to the termination of Plaintiff's employees, Defendants' encouraging LiUNA members to further disseminate such allegations, and that the e-mails and voice messages were filling mailboxes and distracting Plaintiff's employees from their work. *See Thurmond*, 171 F. Supp. 2d at 676 ("Plaintiff[] must make a sufficient showing of all three elements under section 1030(a)(5)(A)."). Absent a plausible allegation that Defendants intentionally caused damage to Plaintiff's computer systems, the Court finds that Plaintiff has failed to state a claim under 18 U.S.C. § 1030(a)(5)(A) for which relief can be granted.

    **2.**    **Unauthorized Access**

Under 18 U.S.C. §§ 1030(a)(5)(B) and (C), it is unlawful to "intentionally access[] a

protected computer without authorization, and as a result of such conduct, recklessly cause[] damage; or . . . cause damage and loss." According to Defendants, Plaintiff's claims under Sections 1030(a)(5)(B) and (C) fail to state claims upon which relief can be granted because Defendants did not access Plaintiff's computers merely by sending e-mails and leaving voice-mails. Additionally, Defendants contend that they did not access Plaintiff's computers intentionally, and that the calls and e-mails were not unauthorized. Plaintiff responds that the calls and e-mails were unauthorized, but Plaintiff does not dispute Defendants' claim that they did not access Plaintiff's computers.

The Court finds that Plaintiff's factual allegations are insufficient to render plausible its claims under 18 U.S.C. §§ 1030(a)(5)(B) and (C). As Defendants contend, the term "access" has been defined under the CFAA as "to gain access to" and "the freedom and ability to make use of something." *America Online, Inc. v. Natl. Health Care Discount, Inc.*, 121 F. Supp. 2d 1255, 1272-73 (N.D. Iowa 1990). *See also Role Models America, Inc. v. Jones*, 305 F. Supp. 2d 564, 567 (D. Md. 2004) (stating that "the word 'access' . . . is an active verb"). In *America Online, Inc.*, the court found access under the CFAA where bulk e-mail senders sent e-mail messages to targeted computers through the use of intermediary computers. *America Online, Inc.*, 121 F. Supp. 2d at 1272-73. In other words, the senders were reaching their targets by making use of third-party computers. Here, Plaintiff alleges a violation of the CFAA as a result of Defendants' direct use of e-mail and voice-mail. Plaintiff offers no authority supporting its contention that one accesses another's computer under the CFAA merely by leaving a voice-mail or sending an e-mail. Plaintiff's amended complaint contains no allegations that by sending e-mails and leaving voice-mails, Defendants exercised the freedom or ability to make use of Plaintiff's computers. Therefore, the Court finds that Plaintiff has failed to state claims under 18 U.S.C. §§ 1030(a)(5)(B) and (C) for which relief can be

7

granted.

### C. STATE LAW CLAIMS

Plaintiff's amended complaint alleges that federal subject matter jurisdiction exists on the basis of federal questions under the CFAA. Plaintiff asks the Court to invoke supplemental jurisdiction over its remaining claims. Since Plaintiff's federal claims under the CFAA fail to state claims upon which relief can be granted, the Court dismisses Plaintiff's claims based on state law. *See Widgren v. Maple Grove Tp.*, 429 F.3d 575, 586 (6th Cir. 2005) (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations will usually point to dismissing the state law claims . . . ."). Thus, Counts II-V are dismissed.[2]

### V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss [dkt 29] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's *ex parte* motion for oral argument and/or leave to file a sur-reply to Defendants' motion to dismiss [dkt 36] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 12, 2010

---

[2] Accordingly, as all counts in Plaintiff's amended complaint are hereby dismissed, the Court need not consider Defendants' argument that Plaintiff's claims are preempted by federal labor law.

CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 12, 2010.

                          S/Marie E. Verlinde
                          Case Manager
                          (810) 984-3290