UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PULTE HOMES, INC.,

    Plaintiff,

vs.

Case No. 09-13638
Hon. Lawrence P. Zatkoff

LABORERS' INTERNATIONAL UNION
OF NORTH AMERICA, TERENCE M.
O'SULLIVAN, and RANDY MAYHEW,

    Defendants.
_____/

## ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS

Plaintiff filed its amended complaint on December 12, 2009, alleging federal subject-matter jurisdiction on the basis of a federal question. On May 12, 2010, the Court granted Defendants' motion to dismiss Plaintiff's amended complaint. On August 2, 2011, the Sixth Circuit Court of Appeals reversed in part and affirmed in part the Court's dismissal of Plaintiff's amended complaint, with instructions to determine whether the Court may exercise jurisdiction over Plaintiff's state-law claims. Plaintiff's amended complaint alleges the following counts:

    Count I        Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq*.

    Count II       Violations of Nevada's Computer Criminal Laws

    Count III      Trespass to Chattels

    Count IV      Tortious Interference with Business Relationships and Expectancies

    Count V       Civil Conspiracy

Federal district courts have original subject-matter jurisdiction over cases arising under federal law. 28 U.S.C. § 1331. Thus, the Court has subject-matter jurisdiction over Count I because it arises under federal law. 28 U.S.C. § 1331. Counts II–V, however, are based on state law.

Although the Court may exercise supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367(a), the Court may decline to exercise supplemental jurisdiction if there are "compelling reasons for declining jurisdiction." *Id.* § 1367(c)(4). The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims in this matter. The Court finds that Plaintiff's state-law claims raise novel and complex issues of state law that would be more appropriately adjudicated in state court. *See id*. § 1367(c)(1). Additionally, the contemporaneous presentation of Plaintiff's parallel state claims for relief will result in the undue confusion of the jury. *See id*. § 1367(c)(4); *see also Padilla v. City of Saginaw*, 867 F. Supp. 1309, 1315 (E.D. Mich. 1994).

Accordingly, IT IS ORDERED that Plaintiff's state-law claims (Counts II–V) are hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 28, 2011.

s/Marie E. Verlinde
Case Manager
(810) 984-3290